UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUY NGUYEN,<br><br>                Plaintiff,<br><br>       v.<br><br>STEPHENS INSTITUTE D/B/A ACADEMY OF ART UNIVERSITY and DOES 1-50, inclusive,<br><br>                Defendants. | Case No. 20-cv-04195-JSW<br><br>**ORDER TO SHOW CAUSE REGARDING STANDING** |

Article III of the Constitution requires courts to adjudicate only actual cases or controversies. *See* U.S. Const. art. III, § 2, cl. 1. "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998)). A plaintiff must clearly allege facts demonstrating each element. *Id.*

Plaintiff, a student at the Academy of Art University, must support his allegation that he was injured as a result of the school's alleged breach of contract. Plaintiff claims that he suffered harm as a result of his on-campus classes going online in Spring 2020 due to the shut-down during the COVID-19 pandemic and San Francisco's shelter-in-place order which prohibited universities from providing in-person instruction. In his complaint, Plaintiff maintains that he was harmed by "not receiving the educational experiences, opportunities, and services [he] paid for during the

Spring Semester 2020." (Dkt. No. 1, Complaint ¶ 57.) He further alleges that Defendants are required "to return pro-rata shares of the tuition and fees paid by Plaintiff and Class Members that related to services that were not provided for after Academy of Art University shut down on or around March 11, 2020." (*Id.* ¶ 58.)

In the course of the parties' briefing on the pending motion for class certification, however, it became clear that the undergraduate students enrolled at the school paid the same tuition rate for on-campus and online courses – which during the 2019-2020 academic year was $963 per unit/hour. (*See* Dkt. No. 63-6, Declaration of Jacob Shorter, Ex. 5, Spring 2020 Catalog Addendum at AAU-000045.) Neither the students nor the school differentiated the price or value of tuition based on whether the classes were held in-person or online.

In addition, in Spring of 2020, Defendant charged a $30 Student Activity Fee to offset costs of various campus-based services, facilities, and activities. (*Id.* at AAU-000046.) It is also evident that Defendant credited students the $30 Student Activity fee when the school went entirely online and Plaintiff himself admits that he received reimbursement. (*Id.*, Ex. 10, Admission No. 6.)

Lastly, the only other measure of damages are course fees which varied significantly among the courses depending upon the content of the required coursework and specific activities and equipment needed to complete course projects. (*Id.* at Ex. 7, Spring 2020 Course Fees and Prerequisites at AAU-005139-5301.)

If there is no difference in the cost of a unit of tuition between online and in-person classes and the Student Activity Fee was returned, the only remaining claim for damages would be Defendant's alleged failure to reimburse course fees. It is unclear whether Plaintiff would be qualified to receive reimbursement for course fees as he failed to request reimbursement. It is also clear from the record before the Court on class certification that the measure of those course fee damages varies significantly from course to course and may not present sufficient basis for class-wide treatment.

Accordingly, the Court HEREBY ORDERS Plaintiff to show cause in writing by no later than September 6, 2023, whether he suffered any financial damage and whether he has standing to

pursue his only remaining claim for breach of contract. *See, e.g., Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (holding that to establish standing, a plaintiff must show he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."). Defendant may file a response by no later than September 13, 2023.

**IT IS SO ORDERED.**

Dated: August 24, 2023

JEFFREY S. WHITE
United States District Judge